1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11   THOMAS R. CUNNINGHAM,              )      No. CV 16-3629-DMG (AGR)
                                        )
12                  Petitioner,         )
                                        )      ORDER TO SHOW CAUSE
13            v.                        )
                                        )
14   E. VALENZUELA,                     )
                                        )
15                  Respondent.         )
                                        )
16                                      )

17        On March 28, 2016, Petitioner filed a Petition for Writ of Habeas Corpus by a

18   Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") in the Northern

19   District of California, which transferred the action to this district.  For the reasons

20   discussed below, the Court orders Petitioner to show cause, on or before **June 27,**

21   **2016**, why this Court should not recommend dismissal without prejudice for failure to

22   exhaust state remedies.

23                                      **I.**

24                                  **EXHAUSTION**

25        The Petition was filed after enactment of the Antiterrorism and Effective Death

26   Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing

27   the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

28

1   The AEDPA expressly provides that a petition for writ of habeas corpus brought

2   by a person in state custody "shall not be granted unless it appears that – (A) the

3   applicant has exhausted the remedies available in the courts of the State; or (b)(I) there

4   is an absence of available State corrective process; or (ii) circumstances exist that

5   render such process ineffective to protect the rights of the applicant."  28 U.S.C.

6   § 2254(b)(1).

7   Exhaustion requires that Petitioner's contentions be fairly presented to the state's

8   highest court, in this case the California Supreme Court.  *James v. Borg*, 24 F.3d 20, 24

9   (9th Cir. 1994).   Petitioner bears the burden of demonstrating that she described to the

10  California Supreme Court both the operative facts and the federal legal theory on which

11  his claim is based.  *Duncan v. Henry*, 513 U.S. 364 (1995).

12  The Petition contains one ground for relief.  Petitioner asserts that the trial court

13  wrongly denied, for lack of jurisdiction, his Cal. Penal Code § 4019 petition seeking 177

14  days of additional sentencing credit.  But Petitioner admits that he has not presented

15  this claim to California Supreme Court.  (Petition ¶ 9.)  The Court takes judicial notice the

16  state courts' public records include no action filed by a Thomas Cunningham in the California

17  Supreme Court.  Petitioner must exhaust his claim in the California Supreme Court before

18  presenting it in federal court.

19  For these reasons, it appears that the Petition in this Court is completely

20  unexhausted.  The Ninth Circuit recently held that a district court has authority to stay

21  habeas petitions that are wholly unexhausted.  *Mena v. Long*, 813 F.3d 907, 912 & n.3

22  (9th Cir. 2016).  In light of *Mena*, Petitioner may wish to file a motion for a stay of his

23  federal habeas petition while he exhausts his claim before the California Supreme

24  Court.  To obtain a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), a petitioner must

25  show that he had good cause for failing to exhaust claims in the California Supreme

26  Court, that his claims are "potentially meritorious" and that he has not engaged in

27  intentional delay tactics.  *Id.* at 277-78.  Alternatively, Petitioner may seek a stay under

28

2

1  *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).  Petitioner should promptly initiate

2  exhaustion proceedings in the state court without waiting for a ruling from this court on

3  his motion for a stay.

4  **II.**

5  **ORDER TO SHOW CAUSE**

6      IT IS THEREFORE ORDERED that, on or before ***June 27, 2016***, Petitioner shall

7  show cause, if there be any, why this Court should not recommend dismissal without

8  prejudice for failure to exhaust state remedies.  If Petitioner contends that the

9  exhaustion requirement has been met, Petitioner should attach a complete copy of his

10  petition before the California Supreme Court, a complete copy of any decision by the

11  California Supreme Court, and clearly explain how the exhaustion requirement has

12  been met.  If Petitioner wishes to seek a stay while he exhausts remedies in state court,

13  Petitioner must file a motion for stay of proceedings on or before ***June 27, 2016***.

14  ***If Petitioner does not respond to this Order to Show Cause, the Magistrate***

15  ***Judge will recommend that the Court order the petition dismissed, without***

16  ***prejudice, for failure to exhaust Petitioner's claims.***

19  DATED:  May 27, 2016

                                   ALICIA G. ROSENBERG
                              United States Magistrate Judge